## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

MALCOLM BRENNER,

      Plaintiff,

      vs.                                                      No. CIV 97-1542 JC/RLP

THE DAILY TIMES,

      Defendant.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER came on for consideration of Defendant's Motion to Dismiss (Docket No. 5). The Court has reviewed the motion, the memoranda submitted by the parties and the relevant authorities. The Court finds that the motion is well taken and will be granted.

Plaintiff filed a charge of employment discrimination and received permission to sue from the EEOC on June 6, 1997. Seventy-five days later on August 20, 1997, he filed an action in federal district court that was given cause number CIV 97-0802 BB/LFG. On November 6, 1997, after giving Plaintiff the required notice, the Honorable Bruce D. Black, District Judge, dismissed the Complaint for failure to prosecute. Plaintiff alleges that his failure to serve Defendant was excusable because it resulted from the failure of the Clerk's Office to respond to his requests for a conformed copy of the Complaint. Yet Plaintiff did not request Judge Black to reconsider the dismissal and reopen the case on these grounds. Instead, Plaintiff filed the present identical action on December 4, 1997, well beyond the ninety-day deadline from receipt of the EEOC "right to sue" letter.

Defendant argues that this action must be dismissed because it was not timely filed, and I agree. In a recent unpublished decision, the Tenth Circuit faced a very similar issue to that presented here. See Farlaino v. United States, 108 F.3d 1388 (1997) [attached]. The panel firmly rejected the contention that the filing of an identical action could constitute a continuation of an earlier, timely-filed action that was dismissed for failure to prosecute. Id. at *4. Thus, this complaint cannot be held to "relate back" to the date the original action was filed.

Even if this Court were to toll the time during which the first timely-filed action was pending, the present action must still be dismissed. Twenty-nine days passed between Judge Black's November 6 dismissal and the filing of the present complaint on December 4. When added to the seventy-five days from permission to sue until the filing of the first action, it is clear that Plaintiff failed to bring the second action within the ninety-day period.

Wherefore,

IT IS ORDERED that Defendant's Motion to Dismiss (Docket No. 5) be, and hereby is, **granted**. A final judgment setting forth an order of dismissal will be entered.

DATED this 10th day of April, 1998.

_____
CHIEF UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:     F. D. Moeller
                           Farmington, New Mexico

Counsel for Defendant:     Curtis Gurley
                           Farmington, New Mexico

**Unpublished Disposition**
**(Cite as: 108 F.3d 1388, 1997 WL 139768 (10th Cir.(Utah)))**

NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.

(The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.)

Susan C. FARLAINO, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.

No. 95-4165.

United States Court of Appeals, Tenth Circuit.

March 25, 1997.

Before EBEL, HOLLOWAY, and MURPHY, Circuit Judges.

ORDER AND JUDGMENT [FN*]

FN* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

**\*\*1** Susan Farlaino filed this action against the United States pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680, for personal injuries allegedly sustained as a result of medical care she received from various military medical facilities. Specifically, Farlaino claimed that officers and employees of the United States negligently placed or left foreign objects within her breast and, as a result, she incurred medical expenses and loss of earnings and suffered "a continuing injury of mind and body." The district court granted the United States' Motion to Dismiss or Alternatively For Summary Judgment on the grounds that plaintiff failed to comply with the jurisdictional prerequisites of the FTCA. This court exercises jurisdiction pursuant to 28 U.S.C. § 1291 and affirms.

BACKGROUND

Farlaino, was the dependent wife of an active army serviceman. [R. at 107] Between September 1983 and February 1990, Farlaino sought and received medical care from various military medical facilities for infections and abscesses in her right breast. On February 12, 1990, Farlaino sought medical care outside of the military medical system, undergoing exploratory surgery by a private physician at Castleview Hospital in Price, Utah. It was during that procedure, according to Farlaino, that her private physician discovered and removed several foreign objects from her right breast.

On January 31, 1992, Farlaino presented an administrative claim to the United States Attorney's Office (USAO). On February 10, 1992, Farlaino presented an administrative claim to the United States Department of

Justice (DOJ). Both claims alleged that an officer or employee of the United States negligently placed or left a foreign object within Farlaino's breast.

On February 10, 1992, Assistant United States Attorney Joseph W. Anderson wrote to Farlaino's counsel and advised him that the receipt of the Standard Form 95 Claim for Damage by the USAO did not comply with the jurisdictional requirements of the FTCA. In response, Farlaino presented an administrative claim to the United States Department of the Army (the "Army") on February 24, 1992, setting forth the same claim which she asserted in the administrative claims filed with the DOJ and USAO.

On September 18, 1992, Farlaino filed a civil action in the district court pursuant to the FTCA. Farlaino claimed that officers and employees of the United States negligently placed or left foreign objects within her breast and, as a result, she incurred medical expenses and loss of earnings and suffered injuries to her mind and body. Approximately two months later, on November 23, 1992, the Army denied Farlaino's administrative claim on two grounds: (1) her claim was not presented to the Army within two years of the date on which it accrued; and (2) because a lawsuit was pending, her claim was no longer amenable to administrative settlement.

After Farlaino failed to appear at a status conference scheduled by the district court, failed to designate expert witnesses, failed to conduct discovery, and failed to file any dispositive motions before the scheduled cut-off date, the district court dismissed Farlaino's complaint for failure to prosecute. On August 24, 1994, approximately one year later, Farlaino filed a document entitled "Re-filing of Complaint" under the same civil number as her original complaint. On January 4, 1995, Farlaino then commenced this action by filing a document entitled "Amended Complaint." The amended complaint contained the same allegations that Farlaino's original complaint contained, that the United States negligently placed or left foreign objects in Farlaino's breast. [FN1]

> FN1. In addition, the Amended Complaint alleged that in September, 1983, Dr. Antoine Jumell, an officer and employee of the United States, engaged in an unauthorized touching or battery of Farlaino when he attempted to change Farlaino's surgical dressing over her protests. Farlaino conceded at oral argument before the district court that her claims of assault and battery were barred by the statute of limitations. Accordingly, Farlaino has not appealed the district court's dismissal of those claims.

**\*\*2** The United States filed a Motion to Dismiss or Alternatively For Summary Judgment on the grounds that Farlaino's claims were barred by her failure to present her administrative claim to the appropriate federal agency, the Department of the Army, within two years after her claim accrued and by her failure to commence this action within six months after notice of the final denial of her administrative claim as required by the FTCA, 28 U.S.C. 2401(b). On August 8, 1995, the United States District Court for the District of Utah granted the United States' motion. Farlaino appeals.

### ANALYSIS

We review the grant of summary judgment de novo and apply the same legal standard used by the district court under Fed. R.C.P. 56(c). Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th

Cir.1990). "Summary judgment is appropriate when there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." Russillo v. Scarborough, 935 F.2d 1167, 1170 (10th Cir.1991).

It is beyond dispute that the United States is immune from suit unless it has consented to be sued. United States v. Mitchell, 445 U.S. 535, 538 (1980). It is similarly well established that " 'the terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.' " Id. (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)). The FTCA represents a waiver of the United States' sovereign immunity and must, therefore, be strictly construed. Pipkin v. United States Postal Service, 951 F.2d 272, 275 (10th Cir.1991). One of the conditions of that waiver is the statute of limitations set forth in 28 U.S.C. § 2401(b). United States v. Kubrick, 444 U.S. 111, 117-18 (1979). Section 2401(b) provides as follows:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

The United States argues that Farlaino failed to comply with either limitation period set out in § 2401(b). The United States notes that under § 2401(b), a claim is barred unless it is presented in writing "to the appropriate Federal agency" within two years after the claim accrues. The Code of Federal Regulations provides that the appropriate agency for purposes of § 2401(b) is the "agency whose activities gave rise to the claim." 28 C.F.R. § 14.2(b)(1). Because Farlaino did not present her claim to the Army, the agency whose activities gave rise to her claim, until more than two years after her claim accrued, the United States argues that her action is barred by the first clause of § 2401(b).

In response, Farlaino argues that the DOJ was obligated to transfer the claim to the Army pursuant to 28 C.F.R. § 14.2(b)(1), which provides as follows:

> **\*\*3** A claim shall be presented to the Federal agency whose activities gave rise to the claim. When a claim is presented to any other Federal agency, that agency shall transfer it forthwith to the appropriate agency, if the proper agency can be identified from the claim, and advise the claimant of the transfer. If transfer is not feasible, the claim shall be returned to the claimant. The fact of transfer shall not, in itself, preclude further transfer, return of the claim to the claimant or other appropriate disposition of the claim. A claim shall be presented as required by 28 U.S.C. [§ ] 2401(b) as of the date it is received by the appropriate agency.

Because the DOJ failed to comply with the transfer requirements set out in § 14.2(b)(1), Farlaino argues that her claim should be considered constructively presented to the Army as of the date it was presented to the DOJ. See Bukala v. United States, 854 F.2d 201, 203-04 (7th Cir.1988).

This court need not decide whether 28 C.F.R. § 14.2(b)(1) creates a constructive filing exception to § 2401(b) because even if we assume, without deciding, that Farlaino timely presented her claim to the Army, she still failed to file this action "within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim" by the Army. 28 U.S.C. § 2401(b).

The United States contends that Pipkin v. United States Postal Serv., 951 F.2d 272 (10th Cir.1991), controls the disposition of this case. We agree. In Pipkin, the plaintiff filed a grievance with the United States Postal **Service** ("USPS"). Id. at 274. After the USPS denied the grievance on July 23, 1988, the plaintiff filed an FTCA action on November 12, 1988. Id. Although the district court dismissed the original FTCA suit on May 23, 1989, the plaintiff filed a second and virtually identical FTCA suit on May 2, 1990. The district court dismissed this second action as well. Id. On appeal, this court assumed that the six-month limitations period set out in § 2401(b) was tolled during the pendency of the original and timely filed FTCA action. Id. Upon **dismissal** of that claim for **failure** to **prosecute**, however, the limitations period began to run again. Because more than six months elapsed between the dismissal of the first action and the filing of the second, the second action was not timely filed. Id.

The facts of the instant case are remarkably similar to Pipkin. Farlaino filed her administrative claim with the Army on February 24, 1992. She filed her original FTCA action on September 18, 1992. Approximately two months later, on November 23, 1992, the Army denied Farlaino's claim on the following grounds: (1) her claim was not filed within two years of the date her cause of action accrued; and (2) her claim was no longer subject to administrative settlement because a lawsuit was pending. The district court dismissed Farlaino's original FTCA action on August 23, 1993, for failure to prosecute. Farlaino then filed a document styled "Re-filing of Complaint" on August 23, 1994 and filed an "Amended Complaint" on January 4, 1995.

**\*\*4** Assuming, as did the court in Pipkin, that the statute of limitations was tolled during the pendency of Farlaino's original FTCA action, the limitations period did not begin to run until the district court dismissed the original action for failure to prosecute on August 23, 1993. See id. Thus, Farlaino had until February 23, 1994, (six months) to file suit. 28 U.S.C. § 2401(b). Because she did not file her second FTCA action until at least August 23, 1994, her suit was not timely filed. See Pipkin, 951 F.2d at 274; see also Benge v. United States, 17 F.3d 1286, 1288 (10th Cir.1994).

In an effort to distinguish Pipkin, Farlaino argues that the documents she filed as "Re-filing of Complaint" and "Amended Complaint" constitute a continuation of her original, timely-filed FTCA action. This contention is clearly untenable. The district court dismissed Farlaino's original FTCA action on August 23, 1993, for failure to prosecute. Because the district court's order of dismissal did not provide otherwise, the dismissal for failure to prosecute "operate[d] as an adjudication upon the merits." Fed.R.Civ.P. 41(b); See 5 James Wm. Moore et al., Moore's Federal Practice ¶ 41.14 (2d 1996). Thus, at that point, the original action was terminated and there was nothing to which the amended complaint could relate back. See Benge, 17 F.3d at 1288 (holding under similar facts that "a separately filed claim, as opposed to an amendment or supplementary pleading, does not relate back to a previously filed claim").

This court can resolve Farlaino's remaining contentions in short order. First, Farlaino contends that DOJ is an "appropriate agency" for purposes of § 2401(b). She further contends that because she presented her claim to the DOJ in a timely manner and the DOJ has not yet acted on her claim, the six- month limitations period set out in § 2401(b) has not

yet began to run. This contention clearly fails in light of the 28 C.F.R. § 14.2(b)(1), which specifically defines appropriate agency for the purposes of § 2401(b) as the "agency whose activities gave rise to the claim." Second, in a barely comprehensible portion of her brief, Farlaino appears to argue that the United States should be estopped from relying on § 2401(b) for the following two reasons: (1) the DOJ failed to transfer Farlaino's claim to the Army as it was obligated to do under 28 C.F.R. § 14.2(b)(1); and (2) the United States failed to raise § 2401(b) in its answer to Farlaino's original, timely FTCA action. It is sufficient to note in response to Farlaino's contention that the limitations periods set out in § 2401(b) are jurisdictional and are not subject to estoppel or waiver principles. See Hopeland Band of Pomo Indians v. United States, 855 F.2d 1573, 1577 (Fed.Cir.1988); Burns v. United States, 764 F.2d 722, 724 (9th Cir.1985); Garrett v. United States, 640 F.2d 24, 26 (6th Cir.1981) (per curiam ).

## CONCLUSION

**\*\*5** The judgment of the United States District Court for the District of Utah is hereby AFFIRMED.

END OF DOCUMENT